IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICKEY C. LAYNE,

    Plaintiff,

v.

KHADAR A. ALI, an individual and
AIN EXPRESS, LLC.,

    Defendants/Third-Party Plaintiffs,

v.

RRR TRANSPORTATION COMPANY
and SOUTHEAST PERSONNEL
LEASING, INC.,

    Third-Party Defendants.

Case No. 20-CV-307-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Pending before the Court is a Motion for More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure filed by Third-Party Defendant, Southast Personnel Leasing, Inc. (Doc. 64). For the reasons set forth below, the Court DENIES the Motion to Dismiss.

### BACKGROUND

    On April 20, 2021, defendants/third-party plaintiffs, Ain Express, L.L.C. ("Ain") and Khadar A. Ali ("Ali"), filed their third-party complaint against third-party defendants, RRR Transportation Company ("RRR") and SouthEast Personnel Leasing, Inc. ("SEPL") (Doc. 45). Within the complaint, Ain/Ali assert one-count of negligence

against the third-party defendants predicated upon the conduct of Sharon G. Layne, who was an employee of SEPL and an agent of RRR Transportation (*Id.*).

On July 6, 2021, SEPL filed its motion for more definite statement, claiming that the third-party complaint failed to separate the counts against each third-party defendant, which are separate and distinct entities (Doc. 64). SEPL alleges that the third-party complaint is so deficient that it cannot reasonably prepare a response (*Id.*).

On July 19, 2021, Ain/Ali filed their response in opposition to the motion for more definite statement (Doc. 68). Ain/Ali aver that there is no ambiguity in the third-party complaint, and further claim that the allegations in the third-party complaint are asserted against both SEPL and RRR, as employer(s) and agent(s) of Sharon Layne, respectively (*Id.*).

**LAW**

Motions for more definite statement are governed by Rule 12(e) of the Federal Rules of Civil Procedure, which provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading." FED. R. CIV. P. 12(e). Motions for a more definite statement are generally disfavored, and courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading. *Swierkiewicz v.* Sorema N.A., 534 U.S. 506, 513 (2002). Rule 12(e) motions are not to be used as substitutions for discovery. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice & Procedure § 1376 at 737–41 (1969).

Federal pleading requires notice, not fact pleading. According to Rule 8 of the Federal Rules of Civil Procedure, a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. FED. R. CIV. P. 8.

## ANALYSIS

Here, the factual details SEPL seeks could be addressed during the discovery process. The third-party complaint is not so vague, ambiguous, or unintelligible that SEPL cannot reasonably frame its responsive pleading. *See Swierkiewicz*, 534 U.S. at 513 ; *see also George v. Kraft Foods Global, Inc.*, No. 06-cv-798-DRH, 2007 WL 853998, at *2 (S.D. Ill. Mar. 16, 2007) (noting that motions for more definite statement are not intended as a substitute for obtaining factual details through the normal discovery process).

SEPL has been placed on notice of the claim filed by Ain/Ali. This Court has jurisdiction as a result of an automobile accident that occurred within this judicial district (Doc. 45). Ain/Ali set forth the basis for liability of SEPL and also made a demand for relief sought (*Id.*).

## CONCLUSION

In light of the foregoing, the Motion for More Definite Statement filed by Southeast Personnel Leasing, Inc. is DENIED, and SEPL is **ORDERED** to answer the third-party complaint within 21 days, or by August 26, 2021.

**IT IS SO ORDERED.**

**DATED: August 4, 2021**

**s/ Stephen P. McGlynn**
**STEPHEN P. McGLYNN**
**U.S. District Judge**
